**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Aide Reyes Figueroa and Luis Armando Lopez Reyes, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-510 <br><br> Agency No. A215-546-325 <br> A215-546-326 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2023[**]
San Francisco, California

Before:  S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Aide Reyes Figueroa and her minor son, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") denial of their

applications for asylum and withholding of removal.  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252(a)(1). We review questions of law de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review factual findings for substantial evidence. *Id.* "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

I

Substantial evidence supports the BIA's determinations that the petitioners did not suffer past persecution and did not establish nexus to a protected ground. In an asylum claim, the applicant "must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.*

"An applicant alleging past persecution has the burden of establishing that . . . his treatment rises to the level of persecution." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Threats may constitute persecution where they are "repeated, specific and combined with confrontation or other mistreatment." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (citation omitted). The BIA reasonably determined that petitioners did not suffer past persecution, because

2

the single extortionate threat made to petitioners was not repeated, specific, or combined with other mistreatment. *See id.* This single threat is like the majority of cases in which "threats do not rise to the level of persecution." *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005).[1]

An applicant must establish that one of the five protected grounds is "at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). Here, the BIA reasonably determined that petitioners were targeted for extortion and pecuniary gain, and not because of any protected ground, because Reyes Figueroa testified that her business was successful and the men threatening her stated that they knew she had money.

Because past persecution and nexus are dispositive here, we need not and do not reach petitioners' argument regarding the BIA's internal relocation holding.

II

Substantial evidence supports the BIA's determination that petitioners are ineligible for withholding of removal. "To be eligible for withholding of removal,

---

[1] The BIA erred to the extent that it indicated that physical harm is required to find past persecution. *See Kaur v. Wilkinson*, 986 F.3d 1216, 1227 (9th Cir. 2021) ("Death threats alone can constitute persecution."). However, any possible error here was harmless because substantial evidence supports the BIA's determination under the correct legal standard. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (applying the harmless error rule).

an applicant must show that the evidence in the record demonstrates a 'clear probability of persecution.'" *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021) (citation omitted). The BIA properly determined that because petitioners failed to satisfy the "lesser burden" of establishing probability of persecution for asylum purposes, they "necessarily . . . fail[ed] to meet the more stringent burden" for withholding. *Sharma*, 9 F.4th at 1066 (citation omitted).

A withholding of removal applicant need only demonstrate that "a cognizable protected ground is 'a reason' for future persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (citation omitted). Substantial evidence supports the BIA's determination that particular social group status did not constitute "a reason" behind the extortionate threat here. *See id.*

**PETITION DENIED.**